# REUBEN BUTTERFIELD v. THE CENTRAL PACIFIC RAILROAD COMPANY OF CALIFORNIA.

Notice of Motion for New Trial.—The reasons for which a motion for a new trial will be made may be stated generally in the notice that such motion will be made.

Statement for New Trial.—The judgment roll need not be inserted in a statement on motion for a new trial.

Idem.—A statement on motion for a new trial must contain a specification of the particular errors upon which the party moving for a new trial will rely; and if one of the grounds is that the evidence is insufficient to justify the verdict, it must specify the particulars in which the evidence is insufficient, or it will be disregarded by the Court.

Idem.—An assignment of errors appended to the end of a transcript, but not included in the statement on motion for a new trial, is not a specification of the particular errors upon which the party will rely, even if sufficient in form as such specification. The specification must be in the statement itself.

Specification of Errors in Statement.—An assignment of errors at common law, even if included in a statement on motion for a new trial, is not such a specification of the errors upon which a party will rely as is required by our Practice Act.

Appeal from the District Court, Fourteenth Judicial District, Placer County.

The jury found a verdict in favor of the plaintiff for seventeen hundred dollars. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Robert Robinson,* for Appellant.

*James E. Hale,* for Respondent.

By the Court, SANDERSON, J. :

After all that has been said by this Court upon the subject of statements upon motions for new trials, in relation to what they should contain and the manner of stating it, it is not a little surprising that statements continue to be brought here which have been prepared in utter disregard of the rules which are prescribed by the statute and of the repeated decisions of this Court. The statute upon the subject is so plain that a failure to present a statement such as it requires

can be accounted for upon no theory except that the statute has been allowed to remain as a sealed book. Its language is as follows: " When the notice designates as the ground upon which the motion will be made the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the *particulars* in which such evidence is alleged to be insufficient. When the notice designates as the ground of the motion, errors in law occurring at the trial and excepted to by the moving party, the statement shall specify the *particular* errors upon which the party will rely. *If no such specifications be made* the statement shall be *disregarded*. The statement shall contain so much of the evidence, or reference thereto, as may be necessary to explain the particular points thus specified, *and no more.*" To a lawyer, language never conveyed a meaning more obvious, and a failure to follow the directions of the statute admits of no excuse, and no reason, except a failure to read the statute before preparing the statement.

The respondent makes and urges the point that the statement in this case must be disregarded, because it does not contain the specifications required by the statute. If such be the case, this Court has no discretion, for the statute dictates the consequence. " If no such specifications be made, the statement *shall be disregarded.*"

The transcript commences with this heading:

" STATEMENT ON APPEAL."

Then follows the venue and title of the cause. Then follows the heading:

" STATEMENT ON MOTION FOR NEW TRIAL,"

under which is written: " Now comes the said defendant and files this, his statement of the above cause, on motion for a new trial, to wit."

Then comes the complaint: next, amendments thereto; next, the answer; next, the supplemental answer; next, the testimony of the plaintiff in full, with objections of counsel, rulings of Court and exceptions of counsel interspersed; next, the motion of defendant for a nonsuit founded upon a

mistake in the complaint, and leave to the plaintiff to amend so as to obviate the objection, and the exception of the defendant thereto; next follows the evidence of the defendant in full, with objections, rulings and exceptions interspersed; next, a statement that the case was argued by counsel, and that thereupon the Court gave certain instructions at the request of plaintiff, and refused certain other instructions requested by the defendant, all of which are set forth, with the action of the Court and exceptions of counsel; next follow certain instructions given by the Court of its own motion with the exception thereto by the defendant; next comes the verdict and judgment; next, notice of motion for a new trial upon five grounds, which, as they may be in a notice, are stated generally, after the manner used in the statute, and concluding as follows: " A statement on motion will be filed herewith, exhibiting the grounds fully," with acceptance of service indorsed thereon.    Next comes the following:

### " STATEMENT.

" The said defendant now files this its said statement on motion for new trial, and moves the Court to set aside the verdict and judgment herein, and grant a new trial for the reasons set out in said notice, and for the errors assigned and exceptions set out in this statement, with the right to turn this into a statement on appeal;" which is signed by counsel. Next comes the certificate of the Judge, " that the foregoing statement is correct, and the same is allowed," dated May 26, 1868.    Then comes the order of the Court granting a new trial, unless the plaintiff will submit to a reduction of seven hundred dollars; next the release of that amount by the plaintiff; next an order denying the motion; next a notice of appeal from judgment and order and " from all orders and judgments "; next an undertaking on appeal; and last the following:

### " ASSIGNMENT OF ERRORS.

" And the said appellant assigns the following errors, to wit:

" First—That the evidence was insufficient to justify the verdict.

" Second—That the verdict and judgment is against the law of the case and the instructions of the Court.

" Third—For errors of law which occurred at the trial, and were duly excepted to at the time by said defendant, in the admission of evidence.

" Fourth—For errors of law which occurred at the trial, and were duly excepted to at the time by said defendant, to wit: in giving instructions to the jury and in refusing to give instructions to the jury which were asked for by said defendant; to the giving and refusing of which the defendant then and there excepted.

" Fifth—That the damages given by the jury are excessive, appearing to have been given under the influence of passion and prejudice.

" Sixth—For that the Court erred in overruling the motion for a new trial."

Which is signed by counsel, and filed June 16th, 1868, the day on which the appeal was perfected.

Thus the statement contains a complete history of the case from commencement to end, and, therefore, contains much that is not required in a statement, although its presence does not vitiate the statement—for example, the judgment roll and notice of motion for a new trial; but it nowhere contains a specification of the *particulars* in which the evidence is insufficient, or of the *particular errors* upon which the moving party will rely. The so-called assignment of errors appended to the end of the transcript, if otherwise sufficient, could not be taken as the specification called for by the statute, for it has not been included in the statement. It is a document by itself, entirely outside of the statement, and was not filed in the case until nearly a month after the statement was settled by the Judge. It is what was denominated an assignment of errors at common law, and is an entire stranger to our system of practice, as we had occasion

to show in the case of *Hutton* v. *Reed*, 25 Cal. 478. If we treat the notice of the motion for a new trial as constituting a part of the statement, it affords the appellant no relief, for it utterly fails to specify the *particulars* wherein the evidence is claimed to have been insufficient, or the *particular errors* upon which the defendant will rely, as well it might, for the practice only requires a general statement of the grounds upon which the moving party will rely to be given in the notice.

The reason why the moving party is required to make these specifications in the statement is that the opposite party may. be advised, not of the general but of the *particular* grounds upon which the motion will be pressed, in order that he may be able to amend the statement so as to present such matters as, in his judgment, tend to sustain the verdict. It is not intended merely for use as points at the argument, but as a part of the case. We had occasion to go over this entire field in the case of *Hutton* v. *Reed, supra*. It is unnecessary to repeat what was there said. Our conclusion is that the statement must be disregarded for the reason stated.

Judgment and order affirmed.