### No. 2,513.

EPHRAIM V. SPENCER, Appellant, *v.* THOMAS N. LONG, Respondent.

LIABILITY OF SHERIFF.—SALE OF PROPERTY EXEMPT FROM EXECUTION.—A Sheriff who levies upon and sells property exempt from execution is liable for the value of such property, if claimed as exempt prior to the sale.

IDEM.—SALE OF PROPERTY PENDING ORDER TO STAY PROCEEDINGS.—A Sheriff who sells property on an execution issued by a Justice of the Peace, after the Justice has notified him that a writ of *certiorari* has been issued, and commanded him to stay all proceedings upon the execution, is liable for the value of the property.

PRACTICE.—GROUNDS OF MOTION FOR A NEW TRIAL.—A paper containing the grounds of a motion for a new trial, if unsigned, constitutes no part of the statement.

IDEM.—The grounds of a motion for a new trial are indispensable to the statement. They constitute its basis, and if they are wanting, the statement should be disregarded.

APPEAL from the District Court of the Second District, Lassen County.

This was an action against the Sheriff of Lassen County to recover the value of certain property levied upon and sold by the defendant under an execution issued from a Justice's Court of said county. The property levied upon and sold consisted of two horses, a set of harness and a buggy. At the time of the levy of the execution, plaintiff was residing upon a farm and carrying on the business of a farmer. He also possessed a law library and other personal property, and occasionally practiced law. At the time of the levy plaintiff offered, and requested defendant to take his law library and other personal property, and claimed the horses,

buggy and harness as exempt from execution. Defendant refused to take such library and other property. Plaintiff procured from the Justices' Court an order, based upon a writ of *certiorari* issued from the County Court of said county, staying all proceedings under the execution, which order was duly served on defendant prior to the sale of the property, notwithstanding which defendant sold the property, and applied the proceeds to the satisfaction of the execution. Judgment was for plaintiff. Defendant moved for a new trial, which was granted, and plaintiff appealed.

The other facts are stated in the opinion.

*E. V. Spencer*, for Appellant.

*First.*—The record shows no service of the notice of motion for a new trial, and in the absence of such service, the Court had no right to grant a new trial. (*Calderwood* v. *Brooks*, 28 Cal. 151; *Flateau* v. *Lubeck*, 24 *Id.* 364.)

*Second.*—Defendant was a trespasser in selling plaintiff's property in violation of the order of the Court. (2 Hilliard on Torts, pp. 100, 107, 114, 185; *Murray* v. *Burling*, 10 Johns. 172; *Spencer* v. *Blackman*, 9 Wend. 167; *Cormah* v. *Hale*, 23 *Id.* 462; *Reynolds* v. *Shuler*, 4 Cowen, 254; *Bristol* v. *Bent*, 7 Johns. 254.)

*J. Lambert*, for Respondent.

*Prima facie* an officer is presumed to have performed his duty, and the presumption of law is in favor of the correctness of his acts. (*Hart* v. *Burnett*, 15 Cal. 530; *Egery* v. *Buchanan*, 5 *Id.* 53.)

If there be more property of the judgment debtor than is sufficient to satisfy the judgment and the Sheriff's fees, within the view of the Sheriff, he shall levy only on such part of the property as the judgment debtor may indicate— *provided that the property indicated be amply sufficient to satisfy such judgment and fees.* (Prac. Act. Sec. 220.)

No evidence was offered on the trial to show that the property offered was of sufficient value to satisfy the judgment and Sheriff's fees, or was of any value. Nor was the property levied upon exempt from execution.

A person cannot claim the benefit of a duplex statutory exemption. (*Brusie* v. *Griffith*, 34 Cal. 306.)

The property levied upon, or at least a portion of it—the buggy—was liable to execution, granting to appellant the statutory exemption claimed. (Practice Act, Sec. 219, 3d subdivision.)

The order of the Justice of the Peace to the Sheriff, based upon the *certiorari* proceedings in the County Court, was not a *supersedeas* to the execution.

Before the commencement of this action, the proceedings on *certiorari* were dismissed, and the order fell with them—the original taking being lawful, and the proceeds of the sale having been applied to the payment of appellant's indebtedness, appellant has suffered no damage—or, if damage, it is *damnum absque injuria.*

The order issued by the Justice assumes to act for the Justice's Court, and for the County Court. It was one which the Justice of the Peace had no authority to issue. A Justice of the Peace can only issue a *supersedeas*, or stay of execution when the judgment is void.

There is no evidence that the judgment upon which the execution in the case at bar was issued, was void, and the proceedings on *certiorari* having been dismissed, the presumption is that the judgment was valid and the execution issued under it sufficient to warrant the officer in levying upon and selling appellant's property. (*Comstock* v. *Clemens*, 19 Cal. 80.)

When a Court has jurisdiction, its judgment, though erroneous, is binding on the parties till reversed on appeal, or declared void on *certiorari*. (*Legrange* v. *Ward*, 11 Ohio, 257.)

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., and SPRAGUE, J., concurring :

The Sheriff having sold the horses and harness, after they had been duly claimed by the plaintiff, as exempt from execution, on the ground that he was entitled to such exemp-

Points decided.

tion as a farmer, and he being, in fact, a farmer, the Sheriff is liable to the plaintiff for the value of the property.

The sale of the buggy was also wrongful, because, previous to the sale, the proceedings before the Justice of the Peace had been removed to the County Court by *certiorari*, by which the Justice of the Peace was commanded to stay all proceedings in said cause; and the Justice had notified the Sheriff that such writ of *certiorari* had been issued, and commanded him to stay all proceedings upon the execution. The plaintiff is, therefore, entitled to recover the value of the buggy.

The statement on the motion for a new trial was not properly prepared. The grounds of the motion are not contained in the statement. There was annexed to the statement an unsigned paper, containing the grounds of the motion, but it constitutes no part of the statement, and the defendant was not entitled to be heard upon such a specification of the grounds of the motion. The grounds are indispensable to the statement. They constitute its basis, and if they are wanting, the statement should be disregarded.

Order granting a new trial reversed, and cause remanded.

CROCKETT, J., and TEMPLE, J., expressed no opinion.