[Department One. — December 15, 1882. In Bank. — May 28, 1883.]

## L. B. ADAMS ET AL., RESPONDENTS, *v.* ADOLPH DOHRMANN ET AL., APPELLANTS.

NEW TRIAL — AUTHENTICATION OF STATEMENT. — A statement on motion for a new trial must be certified by the judge in accordance with section 659 of the Code of Civil Procedure. Without the certificate of the judge, the statement is a nullity, and the omission cannot be supplied after the motion has been disposed of, and an appeal taken.

HEARING IN BANK — COMPUTATION OF TIME. — When a cause has been heard and decided by one of the departments, a hearing in Bank cannot be granted after the expiration of thirty days, although the last day may fall on Sunday.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The statement on the motion for a new trial was agreed to by the counsel for the respective parties, and used on the hearing of the motion, but was not certified by the judge. Pending the appeal, the judge certified the statement *nunc pro tunc* as of a day anterior to the hearing of the motion, and by order of the court below the statement was refiled *nunc pro tunc* as of the same day. The counsel for the appellants thereupon moved to

amend the transcript in this court by adding thereto a copy of the statement thus certified.

*John M. Burnett,* and *Cope & Boyd,* for Appellants, argued in favor of the motion, citing *Westcott* v. *Thompson,* 16 N. Y. 613. They also contended that as the statement was agreed to by the parties, and used on the hearing of the motion, the objection for want of a certificate by the judge came too late, and cited *Paige* v. *Fazackerly,* 36 Barb. 392.

*E. S. Pillsbury,* for Respondents, argued against the motion, and claimed that the statement should be disregarded, citing *Satterlee* v. *Bliss,* 36 Cal. 521; *Smith* v. *Davis,* 55 Cal. 26; *Schreiber* v. *Whitney,* 60 Cal. 431; Code Civ. Proc. § 659, sub. 3.

McKEE, J.—The appeal in hand is from the final judgment in this case, and from an order denying a motion for a new trial.

The notice of intention to move for a new trial designated that the motion would be made "on a statement of the case, and on the papers and records in the cause."

In the transcript there is a paper marked, " defendant's proposed statement on motion for a new trial and on appeal," which appears to have been filed April 10, 1880; but it was not, at any time, signed by the judge of the court, nor certified by him to the effect that it had been settled and allowed as was required by section 659 of the Code of Civil Procedure.

When notice is given of a motion for a new trial, to be made on a statement of the case, it is the duty of the moving party to propose such a statement, and have it settled, signed, and certified by the judge. The statement must be authenticated in that way before it can be filed with the clerk of the court. (§ 659, *supra.*) After it has been signed and certified and filed, the motion upon it may then be brought to a hearing by either party; and as the statement used on the hearing, it constitutes part of the record of the case on appeal from the order granting or denying the motion. But the signature and certificate of the judge are indispensable. (*Schreiber* v. *Whitney,* 60 Cal. 431; *Keller* v. *Lewis,* 56 Cal. 466.) Without them there is no statutory statement on which the motion may be heard.

An unauthenticated paper in the transcript, purporting to be a statement, is no part of the record on appeal, and must be disregarded. Nor can this court return the record of a case to the court below for the purpose of having that court supply, in a document in the transcript, those things which were indispensably necessary to constitute it part of the record in the first instance. The signature and certificate of the judge to a statement on motion for a new trial, *after* the motion has been heard and determined, and an appeal taken from the order, would not (as MR. JUSTICE MYRICK observed in *Keller* v. *Lewis, supra*) aid the appellant, for the Code of Civil Procedure requires that the bill be certified, as allowed, "before filing." (§ 650, Code Civ. Proc.) This court cannot make a record or supply the existence of papers which constitute part of a record, on which a court below may act. Nor can we amend a record of a lower court—that must be done in the lower court; and after an appeal has been taken and perfected, that court, losing, as it does, jurisdiction over the case, has no power to make another record by adding to the record already made a new statement on motion for a new trial or on appeal.

In some instances we have sent down the record of a cause to have inserted in it some matter omitted from a bill of exceptions or statement in the transcript; but there is no case in which the practice has been adopted of returning the record of a case for the purpose of supplying a bill of exceptions or statement which did not legally exist.

The motion made to return the record in this case for that purpose must therefore be denied; and as there is no error in the judgment roll, the judgment and order appealed from are affirmed.

McKINSTRY, J., and Ross, J., concurred.

The counsel for the appellants subsequently filed a petition asking that the judgment of the department be vacated, and that the cause be heard and decided by the court in Bank. On the thirty-first day after the judgment was pronounced—the day previous being Sunday—an order was made granting the petition. The counsel for the respondents thereupon moved the court in Bank to vacate the order, and for a remittitur, on

the ground that the judgment had become final before the order was made. The motion was argued orally by the respective counsel.

PER CURIAM.—On the 15th day of December, 1882, Department One of this court affirmed the judgment appealed from herein, and on the 15th day of January, 1883, the court made an order that the case be heard in Bank. The Constitution (§ 2, art. vi.) provides that "where a cause has been allotted to one of the departments (as this cause was), and a judgment pronounced thereon, the order (that the same be heard and decided in Bank) must be made within thirty days after such judgment, . . . . and if so made it shall have the effect to vacate and set aside the judgment. . . . . If the order be not made within the time above limited the judgment shall be final." The respondent now moves to have the order of January 15, 1883, vacated, on the ground that it was not made *within thirty days* after the judgment of the department had been pronounced. As to the fact that the order was not made within the time prescribed, there can be no controversy. But the thirtieth day after the judgment of the department was pronounced fell on Sunday, and the order was made on the following Monday. There is a general provision in the Code that the time in which any act provided by law is to be done is computed by excluding the last day if it be a holiday. (Code Civ. Proc. § 12.) And as Sunday is a holiday, it is contended by appellants' counsel that the last day upon which an order that this case should be heard in Bank could be made being Sunday, it must be excluded; and if excluded, the order made on the following day was made within thirty days after the judgment had been pronounced in the department. Whether, in the absence of other provisions of the Code, and the Constitution relating to this same subject, that would be so, it is not now necessary to decide, because the Constitution declares that this court "shall always be open for the transaction of business," and the legislature when prescribing on what days courts may be held and judicial business transacted, provides "that the Supreme Court shall always be open for the transaction of business," and that provision is inserted among the exceptions to the general rule, that no court

shall be open or transact any judicial business on Sunday. (Code Civ. Proc. §§ 133, 134.) It is therefore quite clear that this court might have been open for the transaction of business on the last of the thirty days within which an order that this case be heard in Bank could be made, and there is no *legal* reason why it should not have acted on that day, and consequently no reason why the judgment of the department should not have become final at the expiration of that day. The court is not required to take any formal action in regard to a judgment pronounced by a department within thirty days thereafter. The Constitution simply limits the time within which an order that it be heard in Bank may be made. The court may act or not as it chooses within that time, but it cannot, after the expiration of that time, order a cause to be heard in Bank. That the framers of the Constitution did not intend that the law relating to holidays should apply to the Supreme Court is made apparent by a comparison of the clause of the Constitution, which declares that the Supreme Court " shall always be open for the transaction of business," with the provision that the Superior Courts " shall be always open (legal holidays and non-judicial days excepted)." The provision (§ 12, Code Civ. Proc.) of the Code upon which appellant relies does not attempt to define what days shall be non-judicial. But that is done in section 133, and as before stated, the Supreme Court is expressly excepted from its operation.

Motion granted.

Petition for a rehearing denied.