RAYMOND, respondent, *v.* THEXTON ET AL., appellants.

APPEAL. — *A transcript on appeal should not include immaterial portions of the record.* — In the lower court, to the original complaint, a demurrer had been interposed. Before any disposition was made of the demurrer, the plaintiff filed an amended complaint, thereby virtually confessing the demurrer. *Held,* that the original complaint and demurrer thereto had become useless and immaterial portions of the record, and should not have been included in the transcript.

ID. — *The statement upon a motion for a new trial must be certified and signed by the judge.* — In the case at bar, the record showed that the statement upon the motion for a new trial had simply been certified to as correct by the attorneys for the respondent: *held,* that under subdivision 3, section 298, division 1, Compiled Statutes of Montana, the statement should have been certified to and signed by the judge.

NEW TRIAL. — *A statement on a motion for a new trial, made under subdivisions 6 and 7, section 296, Compiled Statutes of Montana, must particularly specify the errors relied on.* — The statement in the case at bar contained no specification of errors. *Held,* that there can be no statement on a motion for a new trial, based upon insufficiency of the evidence or errors in law, under subdi-

visions 6 and 7, section 296, division 1, Compiled Statutes of Montana, unless the specifications of errors are particularly set forth and embraced therein as required by subdivision 3, section 298, division 1, Compiled Statutes of Montana; and that such a statement as the one herein must be disregarded, not only on the hearing of the motion for a new trial in the district court, but also in the supreme court.

ID. — *A statement of evidence on motion for a new trial, and in a transcript on appeal, must be concise, and in a narrative form.* — The statement hereinbefore referred to contained a deposition taken upon interrogatories, and a copy of the stenographer's notes of the testimony. The evidence was not reduced to a narrative form, and the statement set forth questions and answers in full. *Held,* that the statement is objectionable, and on its face repugnant to subdivision 3, section 298, division 1, Compiled Statutes of Montana, because it is expressed in the interrogative form, and would compel the court to examine a mass of testimony, much of which is useless and redundant, to discover what is pertinent and material; and that hereafter such defective statements will be disregarded.

APPEAL. — *A bill of exceptions must be settled and signed by the judge.* — *Held,* that the exceptions contained in the statement hereinbefore referred to cannot be considered, for the reason that they were not settled or signed by the judge. *Held, also,* that section 1981, division 5, Compiled Statutes of Montana, in relation to stenographers, does not mean that the stenographer's notes of exceptions taken are to be considered the bill of exceptions proper, and that such notes can only become so when settled and signed by the judge of the court.

ID. — *All the requisite parts of a transcript must be certified to or identified.* — *Held,* in the case at bar, that the notice of intention to move for a new trial, and the affidavits filed in support of the motion, are not certified to or in any manner identified as having been used upon the hearing of the motion for a new trial, as required by section 438, division 1, Compiled Statutes of Montana, and must be disregarded.

*Appeal from District Court, Madison County.*

HENRY N. BLAKE and W. T. PIGOTT, for the respondents.

JAMES E. CALLAWAY, for the appellants.

### STATEMENT.

The record showed that the statement consisted, first, of the pleadings, then a deposition, and seventy pages of testimony, transcribed by the stenographer from his notes, including his entries of exceptions taken. The stenographer attached to said seventy pages the following certificate:—

"I hereby certify that I have transcribed my notes, taken in the above-entitled cause, fully and accurately, to the best of my skill and ability, and that the foregoing seventy pages is such transcript.

(Signed) "W. T. CATON,

"Stenographer Third District."

Said certificate was sworn to by said stenographer before the clerk of the court, as appears by the clerk's *jurat* in the transcript. Next, an acknowledgment follows:—

"We hereby acknowledge service of the foregoing statement in the above-entitled cause, and hereby expressly waive a copy thereof.

(Signed) "W. T. PIGOTT,

"H. N. BLAKE,

"Plaintiff's Attorneys."

And the following certificate:—

"We do certify that this statement is correct.

(Signed) "W. T. PIGOTT,

"H. N. BLAKE,

"Attys. for Plaintiff."

There is nothing else included in the statement. The transcript then recites that the deposition and testimony "so certified by said stenographer, as aforesaid, was the only evidence filed by the plaintiff or defendants as had on said trial." Then follow the instructions granted, the verdict of the jury for plaintiff, the judgment entered, and the notice of defendants of their intention to move for a new trial, and certain affidavits filed with said notice; also a counter-affidavit filed by plaintiff thereafter. Next come a recital that "there was filed and entered in said cause the following order, overruling motion for a new trial," and a copy of said order. Then are set forth the notice of appeal filed, and the indorsement of acceptance of service thereon, and the appeal bond filed. Then next in order is the following paper:—

"BILL OF EXCEPTIONS.

"The court erred,—1. In giving to the jury instructions of the plaintiff numbered 1, 4, and 5, respectively; 2. Said instructions were erroneous, and calculated to mislead the jury; 3. In rendering a judgment in favor of plaintiff; 4. In not rendering a judgment for defendants; 5. In not granting defendants' motion for a new trial; 6. The preponderance of proof was in favor of the defendants; 7. The preponderance of proof was against the plaintiff.

    (Signed)              "JAMES E. CALLAWAY,
       " Of counsel for the Defendants and Appellants."

The transcript closes with the following certificate:—

"TERRITORY OF MONTANA, ⎰ *ss.*
       COUNTY OF MADISON.⎱

" I, Frank E. Corbett, clerk of the district court of the third judicial district of the territory of Montana, within and for the county of Madison, do hereby certify that the foregoing and annexed pages numbered from 1 to 133, inclusive, contain a full, true, and correct copy of the transcript of the pleadings, records, and proceedings filed, made, and had in said court in the cause of Winthrop Raymond against George Thexton, Sen., and Thomas Deyarmon, as the same appear from the files and records of said court in said cause, and also the transcript of the official stenographer's notes of the testimony taken in said cause, as transcribed by said stenographer and filed in said court.

" Witness my hand and the seal of said court this twenty-ninth day of December, A. D. 1887.

                " FRANK E. CORBETT, Clerk,
          " By GEORGE F. COPE, Deputy Clerk."

GALBRAITH, J. This is a motion to strike from the record certain portions of the transcript, on an appeal from an order overruling a motion for a new trial. The

first of these alleged .objectionable portions of the tran-
script are the original complaint and the demurrer
thereto.   Before any action was had by the court upon
the demurrer to the original complaint, the respondent
filed án amended complaint for substantially the same
cause of action, and dismissing as to one of the defend-
ants, mentioned in the original complaint as executor.
This was a virtual confession of the demurrer.   No ob-
jection was made to the filing of the amended complaint,
and it was a substitute for and superseded the original.
This amended complaint was practically an abandon-
ment of the allegations contained in the original, which
could not be considered for any further purposes in the
action.   The demurrer to the original complaint was
never acted upon by the court.   Therefore both the
original complaint and the demurrer thereto are wholly
useless and immaterial portions of the record, and it
should not be encumbered thereby.   Another portion of
the transcript alleged to be objectionable is the deposi-
tion of one Ramsey, and also what appears to be a
literal copy of the stenographer's notes taken upon the
trial.   This constitutes all the testimony in the case, and
it, and it alone, is contained in what purports to be a
" statement," and is certified to by the attorneys for the
respondent to be correct.   It does not purport, even on
its face, to be a statement on motion for a new trial, but
simply   a  "statement."    This  so-called  "statement"
does  not  comply with  the  provision of the  law which
requires that statements, upon motions for new trials,
shall be signed by the judge, "with his certificate that
the same is allowed."   Comp. Stats., div. 1, sec. 298.   In
this respect the statute in relation to statements on
motion for a new trial differs from that in relation to
statements of the case on appeals in general.   In the
latter case, the statement, in place of its being required
to be certified to and signed by the judge, may be agreed

to by the parties or their attorneys, and certified to by them as being correct. But in relation to statements on motion for a new trial, there is no provision for such agreement, and the requirement that it be signed and allowed by the judge appears to be imperative. Where there is a general rule of law assuming to be applicable to all cases, and there exists also a special rule assuming to be applicable to a particular case, which might otherwise be included within the general rule, the special rule will prevail. This is substantially our statute upon this subject. Section 631, division 1, Compiled Statutes, provides that " when a general and particular provision are inconsistent, the latter is paramount to the former." Section 298, above referred to, is an exact copy of the statute of California in relation to the same subject; and the supreme court of that state has held that it must be literally complied with. *Schreiber* v. *Whitney*, 60 Cal. 431; *Adams* v. *Dohrmann*, 63 Cal. 417. The statement should have been certified to and signed by the judge. Again, this is not a statement on motion for a new trial, such as is contemplated by the statute. The above section (298) requires that the statement shall contain a specification of " the particulars in which" the " evidence is alleged to be " insufficient, or any " particular error " in law upon which the appellants " will rely." This evidently refers to cases where the testimony is alleged to be insufficient to justify the verdict or decision, or where it is claimed that errors of law occurred at the trial, as designated in subdivisions 6 and 7, section 296, division 1, Compiled Statutes. It contains no specification of errors whatsoever, but is simply the undigested, unarranged mass of testimony taken in the case. The specification of errors " forms [to use the language of a former decision of this court] the frame-work of the statement "; it is the basis of the edifice; " and the evidence is only produced to strengthen and support the

structure and make it complete." *Griswold* v. *Boley*, 1 Mont. 545. In this case, Wade, C. J., delivering the opinion of the court, says: " The motion must designate and specify with exactness and precision the grounds upon which the motion will be made, and these specifications must be carried into the statement, and form a part thereof; and only so much of the evidence shall be reproduced as tends to explain the specification of error." Without the specifications of error there is no statement on a motion for a new trial, such as is contemplated by the statute, when the motion is based upon subdivisions 6 and 7, section 296, Code of Civil Procedure (Comp. Stats.). It will be observed that the above section in relation to new trials uses the terms " specify" when referring to the statement only. The notice of motion is only required to designate "the grounds upon which the motion will be made." It is the statement, therefore, which should contain the specifications which are referred to by this same section, when it provides that "if no such specification be made, the statement shall be disregarded on the hearing of the motion." But if required to be disregarded upon the hearing of the motion in the district court, it certainly cannot be regarded here. *Graham* v. *Stewart*, 68 Cal. 374; *Vilhac* v. *Biven*, 28 Cal. 410; *Ferrer* v. *Insurance Co.*, 47 Cal. 416; *Reamer* v. *Nesmith*, 34 Cal. 624; *Walls* v. *Preston*, 25 Cal. 60; *Spencer* v. *Long*, 39 Cal. 700; *Butterfield* v. *Railroad Co.*, 37 Cal. 381.

Again, this so-called statement is claimed to be objectionable in that it is simply a literal copy of a deposition taken upon interrogatories, and also a literal copy of the stenographer's notes taken upon the trial, reduced to manuscript. These are not even reduced to the narrative form, but are *verbatim* copies of the questions and answers. It occupies over eighty pages (type-writing) of the transcript. We have had occasion before to ad-

vert to this method of stating the testimony, and to say that " it is not such a record as should be filed in this court." *Railway Co.* v. *Warren,* 6 Mont. 275. Such a statement of testimony must necessarily contain much immaterial, useless, and redundant matter. The section of the statute in relation to statements on motions for new trials, above referred to, requires that all useless and redundant matter shall be stricken out. Such a statement of the testimony as appears in this case, where it is all expressed in the interrogative form, is in itself objectionable. It is, upon its face, repugnant to the statute. It compels this court to perform that which is the duty of counsel,—to search through a mass of testimony, much of which is obviously useless and redundant, to discover what is pertinent and material. We have heretofore been lenient in the consideration of records of this character, but hereafter they will be disregarded.

The exceptions contained in the so-called statement cannot be considered, for the reason that they are not settled and signed by the judge. Section 1981 of the act in relation to stenographers (div. 5, Comp. Stats.) evidently contemplates that the stenographer's notes of the exception are not to be the bill of exceptions, but only become so when settled and signed by the judge.

The notice of intention to move for a new trial, and the affidavits in support of the motion, are not certified to or in any way identified as having been used upon the hearing of the motion for a new trial, as required by section 438, division 1, Compiled Statutes, and must be disregarded. The instructions contained in the transcript are not properly authenticated, and cannot be considered.

What purports to be a bill of exceptions signed by counsel for the appellants is in no way contemplated by our Code of Civil Procedure. Bills of exceptions must

be settled and signed by the judge. It is probably intended as a specification of errors, and if so, should be contained in a statement on motion for a new trial or statement on appeal. There is no statement on appeal, and it is not contained in the so-called "statement," no doubt intended as a statement on a motion for a new trial, which, as we have seen, must be disregarded. If intended as the common-law assignment of error, it is not a part of the transcript. For the foregoing reasons, the motion to strike from the transcript the portions thereof designated in the motion must be sustained

*Motion sustained.*

McLEARY, J., and BACH, J., concur.