## SCHERRER, RESPONDENT, v. HALE, APPELLANT.

PRACTICE—*Statement on motion for a new trial.*—A statement on motion for a new trial which is not signed by the judge, with his certificate to the effect that the same is allowed, will be stricken from the record on motion in this court, and no implied authentication by waiver will be recognized.

SAME—*Error of law.*—An order of the court striking out a portion of the answer, made before trial, is not an error of law occurring during the trial, and cannot be considered on a motion for a new trial, but may be reviewed only upon an appeal from the judgment taken within the time allowed by law.

*Appeal from First Judicial District, Lewis and Clarke County.*

The action was tried before WADE, C. J. A motion for a new trial was refused by BLAKE, C. J. Motion by plaintiff to dismiss the appeal.

*Wade, Toole & Wallace,* for Appellant.

*Sanders, Cullen & Sanders,* for Respondent.

BACH, J.—The respondent has made two motions upon this appeal: *First,* to strike out so much of the record as purports to be a statement on motion for a new trial; *second,* to dismiss the appeal from the judgment because no error in the judgment roll can be considered, for the reason that the appeal from the judgment was not taken within the time fixed by law.

The motion to strike from the record so much thereof as purports to be a statement on motion for new trial is based upon the fact that there is no certificate of the judge attached to said paper declaring the same to have been allowed by him. Section 298 of our Code, regulating the practice in this particular, provides that "when settled, the statement shall be signed by the judge or referee, with his certificate to the effect that the same is allowed."

In *Raymond* v. *Thexton,* 7 Mont. 299, it was held that the Supreme Court would not consider a statement on motion for new trial unless the proper certificate was annexed thereto; and in that case, Mr. Justice Galbraith carefully noted the difference between the authentication of a statement on motion for a new trial and the authentication of a statement on appeal, as provided for and regulated by the Code.

The statement on appeal may be agreed to by the parties or their attorneys, and certified to by them as correct, or it may be certified to by the judge; but in all cases, the statement on motion for new trial must be certified to by the judge.

The respondent urges that no objection was made to the record in the court below, and claims an implied authentication by waiver. The California cases sustaining such a doctrine were made under statutes not in force in this Territory. Mr. Hayne, in his work on New Trial, has reviewed the history of the various decisions of that State upon this question, and it will there be found that the Supreme Court of California has never implied the authentication of the statement on appeal, or of the statement on motion for new trial, since the enactment of those laws which are now in force in our jurisdiction, having been adopted by our legislature. (See Hayne on New Trial and Appeal, § 157.) Section 298 of our Code was first enacted in this Territory in 1877, and is taken from the California Code as amended in 1874. (See Harston's Practice, § 659.)

In *Raymond* v. *Thexton*, 7 Mont. 299, the record shows the same waiver, if any, as appears in this case. The record failed to show any objection taken in the court below; but this court, on motion, refused to consider the statement because there was no certificate. In *Schreiber* v. *Whitney*, 60 Cal. 431, the claim of implied authentication is directly met; for there was attached to the record in the court below the certificate of the parties that the same was complete; and there was also attached thereto their stipulation that the motion for new trial might be heard upon the same; but the Supreme Court of that State refused to consider the statement. (See, also, *Adams* v. *Dohrmann*, 63 Cal. 419.)

It is urged, however, that the pleadings are properly before us, and that we can consider the order of the court below in striking out a portion of the answer. This alleged error is contained in the specification of errors attached to the statement on motion for new trial, and is referred to as "an error of law occurring at the trial." It is sufficient to say that this was not an "error of law occurring during the trial," and therefore was not such an error of law as could be considered on a motion for new trial. There may be an exception to this rule in those cases

where a motion to change a pleading is acted upon during the trial; but the order in this case was made before trial, and can be reviewed only upon an appeal from the judgment itself. It will be seen from an inspection of the authorities that the phrase, "error of law occurring during the trial," refers to such errors as are strictly errors of law, and not errors involving discretion, and that is confined strictly to errors occurring during the trial of the cause. (See Hayne on New Trial and Appeal, § 100, and cases cited.)

It is also urged by the respondent that the instructions are before us, and that we may consider any error contained therein. The instructions are no part of the judgment roll (see § 306, Code Civ. Proc.), therefore they are not made part of the record by that means. Again, in his notice of intention to move for a new trial, the appellant declares that the motion will be made upon a statement, and refers to no other record, so that we need not consider the effect of the statute enacted at the special session of the legislature in 1887, regarding exceptions to instructions; for the instructions in this case were made a part of the statement in the court below, and are a part of the record only, because they are contained therein; and it would seem that, inasmuch as the appellant failed to state in his notice of intention that his motion would in part or in whole be based upon bills of exceptions, he cannot be heard upon an implied bill of exceptions. However that may be, there is another objection to considering either the instructions or the order affecting the answer. The statement must be stricken from the record, because it does not contain the certificate of the judge. When the statement falls, the specification of errors also falls; and when there is no specification of errors, a motion for a new trial, based upon errors of law, cannot be granted. (See subd. 3, § 298, Code Civ. Proc.)

The order denying the new trial, therefore, cannot be considered in this court.

The appeal from the judgment must be dismissed, because the appeal was not taken within the time allowed by law. The judgment and order of the court below are affirmed, with costs.

LIDDELL, J., and DE WOLFE, J., concur.