BECKER, APPELLANT, *v.* BOARD OF COMMISSIONERS
OF YELLOWSTONE COUNTY, RESPONDENT.

APPEAL — *Contents of record — Statement on motion for a new trial.* — A statement
on motion for a new trial, the beginning or ending of which are not indicated
in the record, and which is a transcript of the stenographer's notes by question
and answer, and was never settled by the trial judge, nor the papers therein
arranged in chronological order, will not be considered by this court on appeal.
(*Raymond* v. *Thexton,* 7 Mont. 299; *Newell* v. *Meyendorff,* 9 Mont. 254; 18
Am. St. Rep. 746; *Barger* v. *Halford, ante,* p. 57, affirmed.)

CLAIMS AGAINST COUNTY — *Erroneous claims.* — Where plaintiff was allowed that
portion of his claim against the defendant, which was due him upon a correct
computation of the items of his account, although through an erroneous calcu-
lation a larger sum was claimed, he has received all he is entitled to, and a
judgment for the county on an appeal to the District Court will not be disturbed.

*Appeal from Seventh Judicial District, Yellowstone County.*

The cause was tried before MILBURN, J.

Statement of facts, prepared by the judge delivering the
opinion.

This is an appeal from the action of the board of commis-
sioners of Yellowstone County in disallowing an alleged account
of appellant against the county. There are no pleadings in the
case, except the bill filed by appellant with the board. That
bill, as it appears in the record, is as follows: —

"BILLINGS, MONTANA, Dec. 7, 1889.

"The County of Yellowstone, Dr. to E. H. Becker: —

Sept. 19, 230 folios Constitution at $1.50 per folio...$   345   00
             230 folios Constitution at 50c. per folio...  1,035  00."

Then follows a verification of the bill, and an indorsement as
follows: —

"Yellowstone County, Dr. to E. H. Becker · —

Amount claimed............................................$1,380   00
Amount allowed............................................   460   00

"Contingent Fund.   Warrant No. B. 270.   Dec. 7, 1889.

             "FRED H. FOSTER, County Clerk."

Section 765, Compiled Statutes, division 5, provides that when
an appeal shall be taken from the action of the board of county
commissioners in allowing or disallowing an account, the clerk
shall transmit to the District Court, with the papers, a return

of the proceedings of the board in the matter. The return in the case shows that the claim of E. H. Becker for printing the Constitution, amounting to the sum of $1,380, was allowed in the sum of $460 for the publication in two issues of the Billings Gazette. From this action of the board the plaintiff appealed to the District Court. The appeal is taken from the disallowance of a portion of the claim; that is, the disallowance of $920, which is the difference between $1,380 claimed and $460 allowed. There was no question about the sum of $460. The claim at the trial, upon the record, upon the account, which took the place of the pleadings, was for $920 more than the board had allowed. A verdict was rendered by jury for the defendant. The plaintiff moved for a new trial. The motion was denied. No appeal was taken from the order denying this motion. An appeal is prosecuted from the judgment.

*O. F. Goddard,* for Appellant.

*Henri J. Haskell,* Attorney-General, and *James R. Goss,* for Respondent.

DE WITT, J.—The record in this case does not commend itself to the unqualified approval of the court. There purports to be a statement on motion for a new trial. There is nothing to indicate where it commences or ends, except that at a point in the transcript respondent's attorney admits that the foregoing statement is correct and true. The judge nowhere settled it. (*Raymond* v. *Thexton,* 7 Mont. 299.)

The statement, or that which we have tried to ascertain was intended as such, is a transcript of the stenographer's notes by question and answer, apparently containing every syllable that fell from the lips of counsel, court, and witnesses, whether material or not. The order in which papers are inserted are as follows: Account, order of the board of commissioners, appeal from the board, instructions on the trial in the District Court, verdict, evidence, exhibits introduced on the trial, stipulation of counsel, specifications of particulars, admission of service of statement, admission by defendant's attorney that statement is correct, stipulation for hearing the motion for new trial at chambers, order denying the motion, notice of motion for new

trial, admission of service of the notice, notice of appeal, and undertaking on appeal. The exhibits are not engrossed in the evidence at their appropriate place, but are referred to with such notes as, "Here copy Exhibit B;" "Witness handed paper," etc. The exhibits then appear after all the evidence. The record appears to be a skeleton draft, with directions to the engrosser as to how to fill in the superstructure. The engrosser, instead of constructing a perfect work, has simply piled up the material in a disorderly mass as it came to his hand. That this is not an adherence to chronological order does not require extended discussion. The court will not consider such a record. This court has expressed this view before in language which seems to us not wholly uncertain. (*Newell* v. *Meyendorff*, 9 Mont. 254; 18 Am. St. Rep. 746, and cases there collected; and *Barger* v. *Halford, ante* [this term], p. 57.)

The fact that the judge of the District Court never settled the statement, of course removes it from our consideration, and these criticisms may be gratuitous; but if the rules of practice in those matters are not clear, we have, perhaps not unwisely, been led into the domain of *dicta* to make them so. If the judge who presides in the seventh district had had opportunity to settle the statement, it would probably have been free from the rather apparent objections which we have noted. With no order on motion for new trial to review, and no statement on appeal before us, we have to examine only the judgment, and to consider only the judgment roll.

The account, which takes the place of a complaint, and must be treated as the pleading, charges for 230 folio, at $1.50, $345; and 230 folios, at 50 cents, $1,035; the total of which sum is $1,380. The inconsistency between the items and the footing is manifest. In this disagreement, we must rely upon the items. We then find the claim to be 230 folios, at $1.50, $345; and 230 folios, at 50 cents, $115; total amount, $460. The pleading, therefore, claims $460. The claimant was allowed $460 by the board. He was allowed all he claimed, and the judgment of the District Court was properly in favor of the defendant board, which judgment we hereby affirm.

BLAKE, C. J., and HARWOOD, J., concur.