[S. F. No. 774. In Bank.—January 22, 1897.]

ALEX. JACKSON, RESPONDENT, *v.* PUGET SOUND LUMBER COMPANY ET AL., APPELLANTS.

APPEAL—DISMISSAL—FAILURE TO FILE TRANSCRIPT—UNCERTIFIED BILL OF EXCEPTIONS—PREMATURE FILING OF ENGROSSED BILL.—A motion to dismiss an appeal for failure of the appellant to file the transcript within forty days after the appeal was perfected will be denied, where it appears that there is an uncertified bill of exceptions, which the judge declined to sign and certify at the request of the appellant on the sole ground that the engrossed bill had been filed in the clerk's office, and that he had no authority to certify it.

ID.—JURISDICTION TO CERTIFY BILL—DISREGARD OF PREMATURE FILING —REFILING.—The premature filing of an engrossed bill of exceptions, whether made by inadvertence of the judge or of a referee, or of the party seeking the allowance, does not deprive the judge of jurisdiction

to sign and certify the bill; but the premature and unauthorized filing should be disregarded, and, if a timely request is made for the certificate of allowance, it should be granted, and the bill refiled.

Motion in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

*L. L. Cory,* for Appellants.

It is the duty of the litigant, desiring to have a ruling or decision reviewed, to present a bill of exceptions, embodying the matters excepted to, to the judge who made the ruling or decision, for settlement. (*Turner* v. *Heart* (Cal., Dec. 18, 1896); *Cummings* v. *Conlan,* 66 Cal. 403.) If it appears that there is an unsettled bill of exceptions, which may be used in support of the appeal, the forty days does not begin to run until such bill is settled, and the motion to dismiss the appeal made pending such settlement must be denied. (Rule 3 of the Supreme Court; *Estate of Burton,* 93 Cal. 613; *McGrath* v. *Hyde,* 71 Cal. 454.) If it appears that defendant's attorney believed in good faith that it was necessary to obtain the certificate of E. W. Risley, judge, that would be sufficient excuse for failure to file the transcript, although the court believe that such certificate was not necessary. (*Buckley* v. *Althorf,* 86 Cal. 643; *Chapman* v. *Bank of California,* 88 Cal. 419.)

*Wiley J. Tinnin,* for Respondent.

Beatty, C. J.—This is a motion to dismiss an appeal from the judgment, upon the ground of failure to file the transcript within forty days after the appeal was perfected. The motion is resisted upon the ground that there is an unsettled bill of exceptions in the case awaiting the action of the trial judge. It appears that in the superior court the cause was referred to a court

commissioner, to take an account and report findings, etc. Upon the filing of his report, and after various proceedings in court, a judgment was rendered in favor of the plaintiff in October, 1895, from which the defendant has appealed. In due time after judgment the defendant served upon the plaintiff a draft of his proposed bill of exceptions, which included a statement of the testimony taken, and other proceedings had before the referee, as well as the proceedings in court subsequent to the filing of the referee's report. Amendments to this proposed bill were suggested by the plaintiff, relating exclusively to the proceedings before the referee, and the draft and the amendment were sent to the referee for settlement. He allowed certain of the proposed amendments, whereupon the bill was engrossed by defendant, and its allowance certified by the referee. There is some conflict in the evidence as to what next occurred, but the most positive and certain testimony is to the effect that the referee, without notice to the defendant, filed the bill, as settled by him, without presenting it to the superior judge for settlement and allowance as to the matters which took place in court. When this was discovered by appellant (and he made the discovery while printing his transcript, and before the time to file it had elapsed), he requested the judge to add his certificate of allowance to the bill, and until that should be done suspended the work of printing. The judge took this application under advisement, and finally, after the expiration of forty days from the filing of the bill of exceptions, declined to certify it, upon the sole ground that the filing of the bill in the clerk's office left him without the right or authority to take further action.

In this we think the trial judge erred. The defendant had done all that the law required him to do, and was entitled to have his bill of exceptions certified; for otherwise it could not avail him in this court. The statute, it is true, directs that the bill shall be filed after it is signed by the judge or referee, with his certificate

that it is allowed (Code Civ. Proc., sec. 650); but it is not to be concluded from this provision that if the settled and engrossed bill of exceptions happens to be filed with the clerk, by inadvertence of the judge or referee, or even of the party seeking its allowance, before it has been properly certified, the right to a proper certificate is forever lost. On the contrary it ought to be considered that such filing is premature and unauthorized, and, if a timely request is made for the certificate of allowance, it should be granted, and the bill refiled. There is nothing in the statute which conflicts with this most reasonable conclusion, nor is anything to the contrary decided in *Keller* v. *Lewis*, 56 Cal. 469, or *Adams* v. *Dohrmann*, 63 Cal. 419. The latter case, indeed, was not authority for anything, because a rehearing was ordered by the court in Bank, and only set aside because it proved to have been granted one day too late.

We think the trial judge should settle and allow the bill of exceptions according to the facts, notwithstanding the premature filing of it, and that the motion to dismiss the appeal should be denied.

It is so ordered.

HENSHAW, J., HARRISON, J., and McFARLAND, J., concurred.